IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| AMY TERRAZAS, | § | |
|     Plaintiff, | § § § | |
| v. | § | Civil Action No. 4:24-cv-00039-DC-DF |
| STATE FARM LLOYDS, | § § § | Judge David Counts |
|     Defendant. | § § | |

### PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES

COMES NOW, Plaintiff Amy Terrazas and files this Motion for Award of Attorney's Fees pursuant to Federal Rule of Civil Procedure 54, and respectfully shows as follows:

### I. INTRODUCTION

Plaintiff Amy Terrazas prevailed on her claims against Defendant State Farm Lloyds and the jury awarded Plaintiff $150,000 following a three-day jury trial. Plaintiff now seeks her reasonable and necessary attorney's fees in the amount of $56,790.00, incurred through March 11, 2026, pursuant to Texas Civil Practice and Remedies Code Section 38.001 and Texas Insurance Code Chapter 542. Plaintiff further requests that the Court award Plaintiff conditional appellate fees for an appeal, if any, filed by Defendant.

### II. SUMMARY OF PROCEEDINGS

On December 21, 2023, Plaintiff provided Defendant is pre-suit notice under Texas Insurance Code Sections 541 and 542. Exhibit A. In its pre-suit notice, Plaintiff demanded $236,911.73 in compensation for unpaid property damages and for interest and attorneys fees on the late payments.

After the expiration of the 60-day presuit notice window, on July 26, 2024, Plaintiff brought suit against Defendant for breach of contract, violations of the Texas Insurance Code Sections 541 and 542, and common law breach of the duty of good faith and fair dealing. Dkt 1. The trial date was set in this matter for November 17, 2025.

On May 17, 2015, Defendant moved for partial summary judgment on Plaintiff's claims under Chapter 541 and the common law duty of good faith and fair dealing. On October 10, 2025, the Court granted Defendant's Motion and dismissed Plaintiff's claims under Chapter 541 and common law bad faith.

Pre-trial was held in Alpine, Texas on October 30, 2025, where trial was moved to the week of November 24, 2025, unless the Parties consented to try the case to the Magistrate Judge. Both parties consented and trial was re-set to February 23, 2026.

On February 23, 2026, the Court called this case to trial. Plaintiff and Defendant appeared in person and through counsel and announced ready for trial. A jury of eight qualified jurors were selected, sworn, and empaneled. The case proceeded to trial and the parties presented their evidence over the course of three days. On February 25, 2026, the case was submitted to the jury, who returned its verdict the same day. Dkt 55. The jury found that State Farm failed to comply with the policy by failing to pay for all of Plaintiff's damages. *Id.* (Question 1). The jury award Plaintiff actual damages in the amount of $150,000. *Id.* (Question 2).

<u>**IV. ARGUMENT AND AUTHORITIES**</u>

A. <u>**Plaintiff is entitled to an award of attorney's fees by motion.**</u>

Rule 54(d) of the Federal Rules of Civil Procedure provides that "[a] claim for attorney's fees **must** be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A) (emphasis added). Here, Texas substantive law applies because Plaintiffs raise only Texas state law claims. *See Beam v. Nexion Health Mgmt.,*

*Inc.*, No. 206 CV 231, 2006 WL 2844907, at *1 (E.D. Tex. Oct. 2, 2006) ("As a general rule, under the *Erie* doctrine, when a plaintiff asserts a state law claim in federal court, the Court looks to the state law to determine the substantive law that governs") (citing *Hall v. GE Plastic Pacific PTE Ltd.*, 327 F.3d 391, 394 (5th Cir.2003)). A Rule 54(d) motion is proper here because under Texas law, attorneys' fees are not considered damages. *See Richardson v. Wells Fargo Bank, N.A.*, 740 F.3d 1035, 1037–38 (5th Cir. 2014) ("Texas courts have long distinguished attorney's fees from damages . . . [t]hus, attorney's fees for the prosecution or defense of a claim are not damages under Texas law.").

### B. **Plaintiff is entitled to an award of attorney's fees on two separate statutory grounds.**

In determining whether to award attorneys' fees, and relatedly, the reasonableness of any fees awarded, the Court must look to Texas state law. *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir.2002) ("State law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision."). Plaintiff is entitled to attorneys' fees under various Texas statutes, including Chapter 38.001 of the Texas Civil Practice and Remedies Code (recovery of attorneys' fees in an action for breach of written contract) and Texas Insurance Code Section 542 (recovery of attorneys' fees if defendant failed to pay claim benefits within 61 days). This Motion addresses each basis in turn.

#### 1. **Texas Civil Practice and Remedies Code Section 38.001**

The Civil Practice and Remedies Code states that a plaintiff may recover its reasonable attorneys' fees if it prevails on a claim for breach of an oral or written contract. TEX. CIV. PRAC. & REM. CODE § 38.001(b)(8). Awarding attorneys' fees to a prevailing plaintiff on a breach of contract claim is mandatory. *Smith v. Patrick W.Y. Tam Tr.*, 296 S.W.3d 545, 547 (Tex. 2009) ("If attorney's fees are proper under section 38.001(8), the trial court has no discretion to deny them.").

"To recover attorney's fees under this statute, a party must first prevail on the underlying claim and recover damages." *In re Nalle Plastics Family Ltd. P'ship*, 406 S.W.3d 168, 173 (Tex. 2013). Plaintiff easily satisfies both requirements. First, the jury found that State Farm breached the policy by failing to pay Mrs. Terrazas for all covered damages. Dkt. 77 at 2. Second, the jury awarded Plaintiff damages totaling $150,000. *Id.*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

AMY TERRAZAS,
    Plaintiff

v.      PE:24-CV-00039-DF

STATE FARM LLOYDS,
    Defendant

**VERDICT FORM**

QUESTION 1:

Did State Farm Lloyds fail to comply with the policy?

Answer "Yes" or "No."

Answer: __Yes__

If you answered "No" to Question 1, do not answer the next question.

QUESTION 2:

What sum of money paid now in cash, if any, would fairly and reasonably compensate Amy Terrazas for all the damages owed, if any, that were solely caused by the storm of October 10, 2022?

Answer in dollars and cents for damages, if any.

Answer: $ __150,000.00__

Thus, Plaintiff is entitled to attorney's fees under Section 38.001.

## 2. Texas Insurance Code Section 542

Section 542 of the Texas Insurance Code requires an insurer to pay the full amount of a claim within 60 days after receiving all items, statements, and forms reasonably requested and required from the insured, or the company must pay all interest and fees allowed under Section 542.060. TEX. INS. CODE § 542.058. Section 542 further provides that, "if an insurer that is liable

for a claim under an insurance policy is not in compliance with this subchapter, t**he insurer is liable to pay the holder of the policy…reasonable and necessary attorney's fees.**" TEX. INS. CODE § 542.060(c) (emphasis added).

Here, the Parties stipulated to the date on which interest would begin under Chapter 542 of the Texas Insurance Code. As above, Plaintiff is entitled to receive interest under Chapter 542 on the amount the jury awarded, and Plaintiff incorporates that portion of her Motion for Entry of Judgment herein, As such, Plaintiff is also entitled to receive attorney's fees under that same statute.

### C. Plaintiff is not required to segregate attorney's fees incurred for work related to Plaintiff's now dismissed claims.

Texas law requires that, when a plaintiff joins a claim for which attorney's fees are recoverable (like breach of contract or violations of the Texas Insurance Code) with another claim for which attorney's fees are not recoverable (like a breach of the duty of good faith and fair dealing), the plaintiff must segregate the attorneys' fees that are recoverable from those that are not. *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 313-14 (Tex. 2006). However, "when discrete legal services advance both a recoverable and unrecoverable claim . . . they are so intertwined that they need not be segregated." *Id.* at 313-14.

Here, the claims that Plaintiff advanced to trial allow statutory recovery of attorneys' fees. The claims that were dismissed relied upon the same predicate as the claims that went to trial. Segregation of fees is not required between Plaintiffs' recoverable claims (breach of contract and violations of Section 542) and unrecoverable claim (Chapter 541 and breach of the duty of good faith and fair dealing), because the work done on each of these claims was inextricably intertwined. This is evident in the fact that claims under the Texas Insurance Code and contractual claims share the same predicate for recovery: breach of the contract. *See St. Luke's United Methodist Church v.*

*Church Mut. Ins. Co.*, No. 2:20-CV-00053, 2022 WL 980352, at *7 (S.D. Tex. Mar. 31, 2022) (citing *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 133 (Tex. 2019)).

Here, Plaintiff's legal team's services advanced both recoverable and nonrecoverable claims in a way that was so intertwined that segregation is not required. Accordingly, all of Plaintiff's attorneys' fees for prosecuting this matter are recoverable. *See Tony Gullo*, 212 S.W.3d at 314.

### D. Plaintiff's attorney's fees are reasonable and necessary

"Historically, claimants have proven reasonableness and necessity of attorney's fees through an expert's testimony—often the very attorney seeking the award—who provided a basic opinion as to the requested attorney's fees." *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 489 (Tex. 2019). That expert testimony may be supported by billing statements and/or testimony that describe the time spent by each attorney on the case, the work undertaken and accomplished, the hourly rates charged for such work, and any other costs incurred in the representation. El Apple I, Ltd. v. Olivas, 370 S.W.3d 757, 764 (Tex. 2012). Plaintiffs submit the sworn declaration of its attorneys' fees expert Andrew Woellner (Exhibit B) and redacted copies of its trial counsel's invoices (Exhibit B-1). As detailed in Mr. Woellner's declaration, the attorneys' fees requested by Plaintiffs were both reasonable and necessary. *See generally* Exhibit B.

Federal courts typically use the lodestar method in determining the reasonableness of attorneys' fees. *Gisbrecht v. Barnhart*, 535 U.S. 789, 801 (2002) ("[t]he lodestar figure has . . . become the guiding light of our fee-shifting jurisprudence."). Using the lodestar analysis, the computation of a reasonable attorneys' fee award is a two-step process. *El Apple I*, 370 S.W.3d at 760. First, courts determine the reasonable hours spent by counsel and a reasonable hourly rate,

and then multiply the two together to get the base fee or lodestar. *Id.* Second, courts adjust the lodestar up or down based on relevant factors, found in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *El Apple I*, 370 S.W.3d at 760.

1. **Plaintiff's counsel spent a reasonable number of hours on this matter.**

Since the inception of this representation more than three years ago through the time this Motion is filed, Plaintiff's trial counsel has recorded just over 127 hours to this matter. Exhibit B at ¶ 11; Exhibit B-1. The attorney time that Plaintiffs seek to recover was incurred by the following lawyers:

| Timekeeper | Hours |
|---|---|
| Andrew Woellner | 124.2 |
| Natalie Barden | 3 |

The factual and legal complexity in this case warrants the number of hours billed. The property damage at issue in this matter spanned over three years to a complex roofing system. During each of the following stages Plaintiff's counsel billed reasonable and necessary hours to advance this matter, with careful attention not to needlessly spent excess time on the matter. Exhibit B at ¶ 16.

- **Mediation**: Plaintiffs' trial counsel spent time researching mediators, scheduling mediation, conferring with Plaintiff regarding mediation strategy, and preparing for and attending mediation. All attorneys' fees related to mediation were necessary and reasonable. Exhibit B at ¶ 16.
- **Experts and Consultants:** As is typical of first-party insurance matters, the process of working with experts and consultants is a significant and necessary aspect of the case. Plaintiffs' counsel worked with King Adjusting Services (property inspectors and property damage estimators, along with expert testimony from James King). All attorneys' fees incurred related to the retention and use of experts and consultants was necessary and reasonable. **Exhibit B** at ¶ 16.
- **Discovery and Document Review**: Plaintiff's counsel engaged in discovery for this matter, as is typical in first-party insurance matters. Plaintiffs' counsel responded to written

- discovery served on Plaintiff and reviewed the voluminous claim documents produced by Defendant. Plaintiff's counsel produced more than 100 pages of documents in this matter, and reviewed Defendant's document production of over 800 pages. All attorneys' fees related to discovery were necessary and reasonable. **Exhibit B** at ¶ 16.
- **Depositions**: Plaintiff's counsel spent time preparing for presenting witnesses for deposition. In total, Plaintiff's counsel prepared for and presented two witnesses for depositions. All the attorneys' fees incurred during depositions were reasonable and necessary. **Exhibit B** at ¶ 16.
- **Motions:** Plaintiffs' counsel spent time defending against Defendant's motion for summary judgment, and preparing Plaintiff's Motion to Strike Defendant's Evidence. Dkt. Entry Nos. 16, 18, and 43. The Court granted each of these motions. Plaintiff's counsel researched and prepared for these motions. *Id*. The attorneys' fees incurred on these motions was necessary and reasonable. **Exhibit B** at ¶ 16.
- **Trial Preparation and Trial**: More than 40% of the hours billed on this matter occurred after the start of 2026, as Plaintiffs' counsel prepared for and attended a three day trial, where Plaintiff was awarded $150,000 in damages. The attorneys' fees incurred preparing for and attending trial were necessary and reasonable. **Exhibit B** at ¶ 16.
- **Post-Trial Briefing**: Plaintiffs' trial counsel has spent time researching and drafting a motion for entry of judgment. This work required review of the entire trial record and trial exhibits. Plaintiff's trial counsel has also spent time drafting this Motion and the related declaration. The attorneys' fees incurred on these motions was necessary and reasonable. **Exhibit B** at ¶ 16.

Further, these hours are comparable to other first-party insurance matters handled by Woellner Law Group of similar magnitude. Exhibit B at ¶ 21. This includes a trial conducted by Woellner Law Group the week following this trial in which the firm billed 96.1 hours and the jury awarded $40,682.50 in attorney's fees. Here, the 127.2 hours incurred through March 11, 2026 in this matter were reasonable. *Id.* at ¶ 21.

2. **Plaintiff's counsel has reasonable rates**

Plaintiff counsel has reasonable rates in this matter. Exhibit C at ¶ 19.

| Timekeeper | Hourly Rate |
|---|---|
| Andrew Woellner | $450 |
| Natalie Barden | $300 |

"[T]he reasonable hourly rate is the rate 'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Tech Pharmacy Services,*

*LLC v. Alixa Rx LLC*, 298 F. Supp. 3d 892, 906-07 (E.D. Tex. 2017) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). In assessing the prevailing market rate for the community, a court may properly consider evidence of hourly rates in other cases as well as affidavits regarding the reasonableness of suggested rates. *Associated Builders & Contractors of La., Inc. v. Orleans Par. Sch. Bd.*, 919 F.2d 374, 379 (5th Cir. 1990).

Based on his experience and knowledge, Andrew Woellner is familiar with the rates of attorneys in the Western District of Texas for the same or similar services. **Exhibit B** at ¶ 19. It is Mr. Woellner's opinion that the rates in this matter are reasonable. *Id.*

Further, Plaintiff's hourly rate was just approved and awarded by a jury in Montgomery County, Texas. Moreover, Defendant's roofing expert testified that he also billed out at $450 for non-legal work. Given the amount of the verdict rendered by the jury, the rates are reasonable in comparison with trial counsel's hourly rates and the rates of other attorneys in the Western District of Texas, as well as in light of what Defendant's expert was charging. **Exhibit B** at ¶ 21.

In total, under the lodestar method, Plaintiff's reasonable and necessary attorney's fees through the filing of this Motion amount to the following:

| Timekeeper | Hourly Rate | Hours | Total |
|---|---|---|---|
| Andrew Woellner | $450 | 124.2 | $55,890.00 |
| Natalie Barden | $300 | 3 | $900.00 |
| **TOTAL** | | | $56,790.00 |

E. **Plaintiff is entitled to 100% of her reasonable and necessary attorney's fees under Section 542A's fee reduction formula.**

The Texas Insurance Code provides a formula in the computation of mandatory attorneys' fees in cases like this one. *See* Tex. Ins. Code §542A.007; *see also* Tex. Ins. Code §542A.002

(stating that Chapter 542A applies to an action on a claim against an insurer, including breach of contract, breach of a common law duty or an action brought under certain subchapters of Section 541 and 542). The Insurance Code states the "amount of attorney's fees that may be awarded to a claimant in an action to which this chapter applies is the lesser of":

- the amount of reasonable and necessary fees found by the trier of fact (if submitted to the jury);
- the amount of fees that may be awarded under other applicable laws; or
- the amount calculated by dividing the amount awarded by the jury for breach of the policy by the amount listed in the 542A Notice, and then taking that percentage and multiplying it by reasonable and necessary fees.

*See* Tex. Ins. Code §542A.007(a)(1)-(3)(B).

Here, the question of attorneys' fees was not submitted to the trier of fact, as such an inquiry in federal court is left for the Court under a Rule 54(d) motion. *See* supra Section I. Next, when the amount awarded by the jury in combination with the interest was more than 80% of the amount demanded in the 542A Pre-Suit Notice, the formula provides that Plaintiff is entitled to the full amount of her reasonable and necessary attorneys' fees incurred in this matter. Plaintiff demanded $236,911.73. The amount awarded by the jury is $150,000 and the interest, as calculated in Plaintiff's Motion for Entry of Judgment, comes to $58,572.95. Combined with the request for attorney's fees in the amount of $56,790, the total recovery to Plaintiff should be $265,362.95, excluding pre and post judgment interest. As this total exceeds the amount demanded by Pliantiff, she is entitled to her full attorney fees.

### F. The Court should award Plaintiff conditional appellate fees for an appeal, if any, filed by Defendant.

It is well-established that "a party entitled to recover attorneys' fees at trial is also entitled to recover them for successfully defending the case on appeal." *DP Sols., Inc. v. Rollins, Inc.*, 353 F.3d 421, 436 (5th Cir. 2003). Rule 54 of the Federal Rules of Civil Procedure is the proper vehicle

to raise such a request for a conditional award of appellate fees in the trial court. *9503 Middlex, Inc. v. Cont'l Motors, Inc.*, 834 Fed. Appx. 865, 875 (5th Cir. 2020) (explaining that parties may move or petition for appellate fees "under Rule 54 in the district court").

Plaintiff appreciates that in the Fifth Circuit it is common for the trial court to defer the award of appellate fees until the conclusion of an appeal. If the Court wishes to proceed in that manner, Plaintiff will submit an application for appellate fees at that time. However, Plaintiff is aware of authority within the Eastern District of Texas awarding conditional appellate fees. *See Yin Investments*, 2022 WL 528244, at *6 (awarding "$50,000 in conditional fees for appeal to the Fifth Circuit and $25,000 in conditional fees for appeal to the Supreme Court"). If the Court wishes to entertain an application for conditional fees, and in an abundance of caution to preserve her right to recovery of any appellate fees, Plaintiff presents its request for conditional appellate fees in this Motion and the accompanying declaration.

"To recover contingent appellate fees, the recovering party must provide opinion testimony about the services necessary and the reasonable hourly rate for those services." *Yin Investments USA, LP v. Aspen Specialty Ins. Co.*, No. 6:20-CV-00153, 2022 WL 2528244, at *6 (E.D. Tex. July 7, 2022) (citing *Yowell v. Granite Operating Co.*, 620 S.W.3d 335, 355 (Tex. 2020)). When such opinion testimony is provided, an award of conditional appellate fees is appropriate. *See Yin Investments*, 2022 WL 2528244, at *6.

As set forth in the supporting expert declaration, Plaintiffs estimate that—if Defendant files a notice of appeal to the Fifth Circuit—at least an additional $50,000 in attorney's fees will be incurred by Plaintiffs. **Exhibit B** at ¶ 26. If the appeal is certified to the Texas Supreme Court, the appellate fees will exceed $25,000. *Id*. These fees (at both appellate levels) will include work spent to review and analyze of the entire record of this case, research relevant law, draft necessary

appellate briefs, and prepare for oral argument, if needed. *Id*. at ¶¶ 26-29. These fee estimates also assume that most of the work will be performed by appellate counsel with assistance from trial counsel as needed. *Id.* at 26-29.

There is sufficient evidence of the reasonableness and necessity of awarding conditional fees for an unsuccessful appeal by Defendant

## V. CONCLUSION AND REQUESTED RELIEF

For the foregoing reasons, the Court should award Plaintiff her reasonable and necessary attorneys' fees in the amount of $56,790.00 incurred through March 9, 2026. Plaintiff further requests an award of conditional appellate fees for an appeal, if any, filed by Defendant. Plaintiff also seeks such other and further relief to which she show herself entitled.

Respectfully submitted,

/s/ Andrew A. Woellner
Andrew A. Woellner
Texas Bar No. 24060850
**WOELLNER LAW GROUP, PLLC**
1717 W. 34th, Suite 600-186
Houston, Texas 77018
Telephone: (713) 982-0100
Facsimile: (713) 363-6333
andrew@woellnerlaw.com
**ATTORNEYS FOR AMY TERRAZAS**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served electronically via ECF on the date of filing to:

David R. Stephens
Lauren A. Thompson
LINDOW STEPHENS SCHULTZ LLP

One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
Telephone: (210) 227-2200
Facsimile: (210) 227-4602
dstephens@lsslaw.com
lthompson@lsslaw.com

           */s/ Andrew A. Woellner*
           Andrew A. Woellner